IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| COMPUTER ACCELERATION CORPORATION, | § § § | |
| *Plaintiff*, | § § | Civil Action No. 9:06-CV-140 |
| v. | § § | JUDGE RON CLARK |
| MICROSOFT CORPORATION, | § § § | |
| *Defendant*. | | |

## ORDER GRANTING MOTIONS FOR LEAVE TO AMEND INVALIDITY CONTENTIONS AND PLEADINGS

Before the court is Defendant Microsoft Corporation's ("Microsoft") Motion for Leave to Amend its P.R. 3-3 Invalidity Contentions [Doc. #42] and Motion for Leave to File its First Amended Answer, Affirmative Defenses and Counterclaims [Doc. #43]. Microsoft seeks leave to amend its P.R. 3-3 Invalidity Contentions pursuant to Patent Rule 3-7 to add an additional prior art patent, namely United States Patent No. 5,257,370 ("the `370 patent"). In light of the `370 patent and a software called the Lucid Lightning CD, Microsoft also seeks leave to amend its Answer to add inequitable conduct allegations. Plaintiff Computer Acceleration Corporation ("CAC") argues that Microsoft cannot show the requisite good cause to support its motions and Microsoft's proposed inequitable conduct claims are futile.

### I. BACKGROUND

CAC filed suit against Microsoft on July 6, 2006, alleging infringement of U.S. Patent No. 5,933,630 ("the `630 patent"). The `630 patent relates to a method and apparatus that optimizes access to a computer program storage device during program start-up, and reduces launch-time of a computer program. Microsoft has counterclaimed for a declaratory judgment

seeking a declaration of invalidity and non-infringement of `630.  Microsoft filed its Answer,

Affirmative Defenses and Counterclaims on August 28, 2006.

The court's Scheduling Order required Microsoft to serve P.R. 3-3 Preliminary Invalidity

Contentions (and P.R. 3-4 document production) on December 15, 2006. On December 19, 2006,

the court granted an unopposed motion for extension of time to serve Preliminary Invalidity

Contentions. Microsoft timely filed its Preliminary Invalidity Contentions on December 22,

2006. On January 31, 2007, Microsoft's counsel became aware of the `370 patent, "Method and

System for Optimizing Data Caching in a Disk-Based Computer System," assigned to Microsoft.

In addition to the `370 patent, Microsoft also discovered software called the Lucid Lightning CD.

Counsel for CAC was notified on February 11, 2007 of Microsoft's intent to amend its

Invalidity Contentions and Answer. Counsel for CAC notified Microsoft on February 15, 2007

that it was opposed to Microsoft's amendments.

## II. AMENDMENT OF INVALIDITY CONTENTIONS

### A. The Local Patent Rules

This case is another example of the tension between the necessity for orderly and

complete discovery on the one hand, and the natural desire of  litigants to attain important tactical

advantages by delaying disclosure of key elements of their case.

The motive to delay disclosure is often even greater in patent cases than in other

litigation, because of the bifurcated nature of a patent suit. The parties first dispute construction

of claims-- the definitions of the claim language of the patent.  After the court construes the

claims, usually following a *Markman* hearing, the parties join issue over assertions of

infringement by the patent holder, and allegations of invalidity by the accused infringer.

The patent holder wants to know about every possible prior art reference that might

invalidate its patent, so that it can carefully craft proposed definitions that make its patent coverage as broad as possible, perhaps even broader than the inventor ever thought possible, without being so broad as to be invalidated by some prior art reference.

On the other hand, the accused infringer wants to pin the patent holder to a claim construction it knows will be invalidated by prior art it has not disclosed, obtain a ruling from the court approving that construction, and then sandbag the patent holder with the prior art reference.

One author describes the problem as follows: The plaintiff is at one end of a "mine field," with each "mine" representing an invalidating piece of prior art. The plaintiff wants to know where each and every mine is before stepping onto the field. The defendant is at the other end of the field, and does not want to tell the plaintiff where any of the mines are, in the hope that Plaintiff will commit to a path, before it knows where not to step. James M. Amend, *Patent Law: A Primer for Federal District Court Judges* 19 (1998).

In balancing these conflicting interests, the court looks first to the statute requiring notice of invalidity defenses that depend upon prior art to be asserted in detail, at least thirty days before trial. 35 U.S.C. § 282. Merely disclosing underlying documents, such as copies of patents, is not enough. Failure to comply with the very specific notice requirements of Section 282 is grounds for prohibiting introduction of evidence of the prior art. *Ferguson Beauregard/Logic Controls v. Mega Sys., LLC,* 350 F.3d 1327, 1347 (Fed. Cir. 2003).

Some district courts have recognize that thirty days is not enough time to allow experts to evaluate such information, especially in a complicated case, and have adopted local rules requiring invalidity contentions to be filed early in the case.

There is no longer any doubt about a District Court's power to adopt Local Patent Rules to manage its docket in accordance with the Federal Rules of Civil Procedure.  *O2 Micro Intern.*

3

*Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006). The judges of the

Eastern District of Texas unanimously adopted the Local Patent Rules. They are posted on the

Court's website, and each party was informed in the Order Governing Proceedings that they

would apply. The scheduling order in this case sets deadlines for the parties to complete actions

required by the various provisions of the Local Patent Rules.

E.D. Tex. P.R. 3-3 requires an accused infringer to provide invalidity contentions, within

forty-five days after service of Plaintiff's Asserted Claims and Infringement Contentions.[1] The

invalidity contentions must contain the information required by 35 U.S.C. § 282, as well as "a

chart identifying where specifically in each alleged item of prior art each element of each asserted

claim is found . . . ." P.R. 3-6 provides that a party may file amendments with respect to the

information required by P.R. 3-3 if:

> (a)(2)(A) a party claiming patent infringement has served "Infringement Contentions" pursuant to P.R. 3-6(a), or
>
> (a)(2)(B) the party opposing a claim of patent infringement believes in good faith that the Court's Claim Construction Ruling so requires.

**B. P.R. 3-6(b): The "Good Cause" Exception**

Microsoft states that its amended invalidity contentions are proper under P.R. 3-6(b),[2]

which provides:

> Amendment or supplementation of any Infringement Contentions or Invalidity Contentions, other than as expressly permitted in P.R. 3-6(a), may be made only by order of the Court, which shall be entered only upon a showing of *good cause*. (emphasis added).

---

[1] The Local Rules were amended on October 27, 2007 and the word "preliminary" was eliminated from all references to infringement contentions and invalidity contentions. The rule change does not substantively affect any of the issues in this case, and the court will refer to the current Local Rules for ease of reference.

The Local Patent Rules "exist to further the goal of full, timely discovery and provide all parties

with adequate notice and information with which to litigate their cases, not to create supposed

loopholes through which parties may practice litigation by ambush." *IXYS Corp. v. Advanced*

*Power Tech., Inc.*, 2004 WL 1368860, * 3 (N.D. Cal. June 16, 2004); *see also*

*STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F.Supp.2d 845, 849 (E.D. Tex. 2004). One of the

goals of the Federal Rules of Procedure and the Local Patent Rules is to speed up the litigation

process and make it less expensive. *See Finisar*, 424 F.Supp.2d at 901. A party simply cannot

wait until shortly before trial to prepare its case. *Id.* Moreover, the right to amend under P.R.

3-6 is subject to the court's duty to avoid unfairly prejudicing CAC "through eleventh-hour

alterations." *IXYS Corp.,* 2004 WL 1368860, * 1.

A court has the inherent power to enforce its scheduling orders and to impose sanctions.

Fed. R. Civ. P. 16(f); *see O2 Micro Intern. Ltd.,* 467 F.3d at 1363; *Flaska v. Little River Marine*

*Const. Co.*, 389 F.2d 885, 887 n. 3 (5th Cir. 1968). However, interpretation and enforcement of

discovery provisions of the Local Patent Rules should not conflict with, and should harmonize

with, the discovery provisions of the Federal Rules of Civil Procedure. *See O2 Micro Intern.*

*Ltd.,* 467 F.3d at 1365. Deciding whether late filed invalidity contentions should be excluded

is slightly different from deciding whether evidence should be excluded for discovery violations.

It is also akin to deciding whether the pleading deadlines of a scheduling order should be

extended. Therefore, the court will consider the kinds of factors identified as important in

making both types of decisions. *See O2 Micro Intern. Ltd.,* 467 F.3d at 1366; *Finisar*, 424

F.Supp.2d at 899. A non-exclusive list of factors considered by courts includes:

---

[2] Microsoft has not asserted any of the grounds in P.R. 3-6(a) as a basis for filing
amended invalidity contentions.

1.      The length of the delay and its potential impact on judicial proceedings;

2.      The reason for the delay, including whether it was within the reasonable control of the movant;

3.      Whether the offending party was diligent in seeking an extension of time, or in supplementing discovery, after an alleged need to disclose the new matter became apparent;

4.      The importance of the particular matter, and if vital to the case, whether a lesser sanction would adequately address the other factors to be considered and also deter future violations of the court's scheduling orders, local rules, and the federal rules of procedure; and

5.      The danger of unfair prejudice to the non-movant.

## C. Does Good Cause Exist to Amend Invalidity Contentions

*1. Microsoft's Explanation for Its Failure to Meet the Deadline*

Microsoft contends that it was unable to discover the `370 patent because it had slightly more than seven weeks from the date of CAC's P.R. 3-1 Infringement Contentions to identify and locate prior art for purposes of its P.R. 3-1 Invalidity Contentions. Microsoft states that it was unable to add inequitable conduct allegations until it reviewed the `370 patent and the Lucid Lightning CD. CAC argues that Microsoft did not act with the requisite diligence in searching for and analyzing prior art.

Microsoft provides no reason, other than its time constraint, that would explain why it could not discover the `370 patent before its December 22, 2006 deadline. In fact, the prior art that Microsoft seeks to include in its invalidity contentions is a patent that Microsoft owns. It could not have been difficult to discover its own patent, especially one that was cited as prior art in four other patents filed by Clinton Ballard, one of the co-inventors of the patent-in-suit.  Microsoft's argument that it must search through thousands of its own patents is not persuasive.  To accept such an argument would allow companies with large patent portfolios, who are also more likely to

engage in patent litigation, to be excused from local rules and court deadlines.  This factor weighs against granting Microsoft's motion for leave to amend.

*2. Importance of the Amendment*

Microsoft argues that the `370 patent is highly relevant and significant to its ability to successfully defend against CAC's patent infringement claims. Microsoft contends that the `370 patent, when combined with any of the currently cited P.R. 3-3 references, invalidates the `630 patent under 35 U.S.C. § 103.

Microsoft also alleges that the Lucid Lightning CD is software used to speed up accesses from a CD drive using RAM, where it can be accessed quicker.  According to Microsoft, the inventors of the `630 patent intentionally withheld the `370 patent and the Lucid Lightning CD from the  U.S. Patent and Trademark Office ("PTO"), therefore supporting an inequitable conduct defense.

CAC does not address this factor. Accepting Microsoft's unrebutted assertion of importance, this factor weighs in favor of allowing Microsoft to amend its Invalidity Contentions and Answer.

*3. The Potential of Unfair Prejudice and the Opportunity to Cure*

Of course, importance must be carefully weighed against the danger of unfair prejudice. Microsoft argues that CAC would not suffer any unfair prejudice by addition of the new prior art reference or inequitable conduct defense. CAC states that it will be prejudiced because its claim construction brief was due on March 14, 2007. CAC has been aware of Microsoft's intent to amend its Invalidity Contentions and Answer since February 11. The claim construction hearing is set for April 25, 2007, about a month from now. CAC has four months before the discovery deadline, July 25, 2007. To the court's knowledge, CAC has not yet taken a single deposition of a

Microsoft witness. These factors indicate that any prejudice is not great.

CAC points out that the `370 patent is cited as prior art in four other patents filed by Mr. Ballard and "a simple search of patents filed by Mr. Ballard" would have revealed this fact. This works against Microsoft as to the first factor - Explanation for its Failure to Meet Deadline. But, on the factor of unfair prejudice, it cuts the other way because it is just as likely that CAC knew about the `370 patent prior to notification by Microsoft. Again, it is difficult to see unfair prejudice.

CAC cites *Finisar v. DirecTV Group* in support of its argument that extensions of deadlines cannot cure the prejudice caused by late disclosures of information. 424 F.Supp.2d at 901. *Finisar* involved fifty-eight additional prior art references submitted three weeks after the court issued the claim construction order.  Here, Microsoft is seeking only one additional prior art patent and claim construction has not yet occurred.  There is time for CAC to adequately explore and address this issue before the claim construction hearing and before trial.  Because of the lack of unfair prejudice and the ample time for a response by CAC without disrupting the court's schedule, this factor weighs heavily in favor of allowing the amendment.

### III. AMENDMENT OF PLEADINGS

### A. Standard of Review

Fed. R. Civ. Proc. 15(a) states that "leave shall be freely given when justice so requires." CAC agrees that this standard should be liberally applied.  CAC's Response to Motion. [Doc. #48, p. 4]. The types of reasons that might justify denial of permission to amend a pleading include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party."*Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 598 (5th Cir. 1981).

A motion to amend may be denied if the proposed amendment would be futile. *Stripling v. Jordan Production Co., LLC,* 234 F.3d 863, 872-73 (5th Cir. 2000). The Fifth Circuit has defined "futility" to mean that "the amended complaint would fail to state a claim upon which relief could be granted" and has further held that the legal standard developed under Rule 12(b)(6) guides this analysis. *Id.* at 873. The court may not deny the motion for leave to amend "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (internal quotations and citations omitted). The court must render its decision taking the complaint in the light most favorable to the plaintiff and taking its allegations as true. *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996).

## B. Should Leave to Amend Pleadings be Granted?

Microsoft promptly filed its motions for leave eleven days after discovering the `370 patent and the Lucid Lightning CD. Moreover, as discussed above, CAC will not be unfairly prejudiced by allowing this amendment to Microsoft's Invalidity Contentions and Answer.

CAC also asserts the proposed inequitable conduct claims would be futile. Fed. R. Civ. P. 9(b) requires that "the circumstances constituting fraud or other mistake shall be stated with particularity." At a minimum, Rule 9(b) requires allegations of the particulars of "who, what, when, where, and how of the alleged fraud." *U.S. v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005) (citations and quotation omitted). Inequitable conduct occurs when a patentee breaches his or her duty to the PTO of candor, good faith, and honesty. *See Bruno Independent Living Aids, Inc. v. Acorn Mobility Servs., Ltd*, 394 F.3d 1348, 1351 (Fed. Cir. 2005). Inequitable conduct requires misrepresentation or omission of a material fact, together with an intent to deceive the PTO. *Id.* "[I]n the absence of a credible explanation, intent to deceive is generally inferred from the facts and circumstances surrounding a knowing failure to disclose material

9

information." *Id.* at 1354.  At trial, both of these distinct elements must be shown by clear and convincing evidence, "and then weighed to determine whether the equities warrant a conclusion that inequitable conduct occurred." *Id.* at 1351. (citations and quotations omitted).

CAC argues that the inequitable conduct claims Microsoft seeks to assert are futile because they would not survive a motion to dismiss. CAC argues that Microsoft's proposed amended allegations fail to identify any facts that indicate why any of the withheld references were material to the patent-in-suit or how CAC acted with the requisite intent to deceive the PTO.

Microsoft specifically lists the names of the inventors (Clinton Ballard, Timothy Smith) and the prosecuting attorney (Steven Koda) who allegedly owed this duty of disclosure to the PTO. Microsoft claims that each of these individuals breached this duty by failing to disclose specific material prior art to the PTO.

Microsoft has also alleged specific facts which, if true, support an inference of intent to deceive by CAC and its employees.  Microsoft states that the `370 patent was cited on four separate patents on which Ballard is a named inventor and the Lucid Lightning CD was cited in two separate patents on which Ballard is a named inventor. Microsoft claims that this is evidence that CAC knew of the alleged material prior art during the prosecution of the `630 patent and failed to disclose it. Viewing the pleading in the light most favorable to Microsoft, the court concludes that Microsoft properly pled who allegedly breached the duty of candor to the PTO and alleged specific facts to support its claim for intentional misconduct. CAC will be able to challenge the merits of Microsoft's inequitable conduct claim at a later stage in the proceedings.

## IV. Conclusion

The lack of unfair prejudice to CAC, and the ample opportunity for CAC to respond to the new invalidity contentions outweigh Microsoft's dilatory conduct. The standard for amending

pleadings is more liberal so these factors weigh even more strongly in favor of allowing the amended pleadings. Whether Microsoft can establish its new claims will be decided at a later date.

IT IS THEREFORE ORDERED that Defendant's Motion for Leave to Amend its P.R. 3-3 Invalidity Contentions [Doc. #42] is **GRANTED.**

IT IS FURTHER ORDERED that Defendant's Motion for Leave to File its First Amended Answer, Affirmative Defenses and Counterclaims [Doc. #43] is **GRANTED.**

So **ORDERED** and **SIGNED** this **30** day of **March, 2007.**


_____
Ron Clark, United States District Judge

11