IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| COMPUTER ACCELERATION CORPORATION, | § § § | CIVIL ACTION NO. 9-06-CV-140 |
| Plaintiff, | § § | |
| vs. | § § | JURY TRIAL DEMANDED |
| MICROSOFT CORPORATION, | § § | |
| Defendant. | § § | |

**DEFENDANT MICROSOFT CORPORATION'S MOTION
TO STRIKE PORTION OF PLAINTIFF'S RULE 3-1 INFRINGEMENT
CONTENTIONS REFERRING TO WINDOWS VISTA
AND TO DISMISS INFRINGEMENT CLAIMS COVERING WINDOWS VISTA**

# TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................................... 1

II.   BACKGROUND ............................................................................................ 3

      A.    CAC's P.R. 3-1 Disclosure and Claim Chart..........................................3

      B.    The Parties' Dispute Over the Relevance of Windows Vista Source Code ...........4

      C.    CAC's Agreement To Provide a Detailed Windows Vista Claim Chart................5

      D.    CAC's Breach of Its Agreement To Provide a Detailed Windows Vista
           Claim Chart..........................................................................................6

III.  UNDISPUTED FACTS ................................................................................. 7

IV.  ISSUE PRESENTED .................................................................................... 8

V.    ARGUMENT ................................................................................................ 8

      A.    CAC's Footnote Reference to Windows Vista in its Windows XP Claim
           Chart Is Inadequate To Sustain a Charge of Infringement Against
           Windows Vista......................................................................................9

      B.    Exclusion of Windows Vista from CAC's Infringement Contentions
           Supports Dismissal of CAC's Infringement Claims as to Windows Vista...........12

      C.    At a Minimum, CAC's Breach of the Parties' Agreement Should Preclude
           CAC from Amending its Original Contentions As to Windows Vista.................13

VI.  CONCLUSION: RELIEF REQUESTED....................................................... 14

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*American Video Graphics, L.P. v. Electronic Arts, Inc.*,
  359 F. Supp. 2d 558 (E.D. Tex. 2005) ..................................................................... 14

*Connectel, LLC v. Cisco Sys., Inc.*,
  391 F. Supp. 2d 526 (E.D. Texas 2005) ................................................................ 14

*Hewlett-Packard Co. v. EMC Corp.*,
  2003 U.S. Dist. LEXIS 22742 (N.D. Cal. July 9, 2003) ......................................... 10

*IXYS Corp. v. Advanced Power Tech., Inc.*,
  2004 WL 1368860 (N.D. Cal. June 16, 2004) ........................................................... 9

*Nike Inc. v. Wolverine World Wide, Inc.*,
  43 F.3d 644 (Fed. Cir. 1994) .................................................................................. 13

*Nike, Inc. v. Adidas America Inc.*,
  479 F. Supp. 2d 664 (E.D. Tex. 2007).................................................. 9, 10, 11, 12

*O2 Micro Int'l v. Monolithic Power Sys., Inc.*,
  467 F.3d 1355 (Fed. Cir. 2006) ......................................................................... 9, 10

*STMicroelectronics, Inc. v. Motorola, Inc.*,
  307 F. Supp. 2d 845 (E.D. Tex. 2004).................................................................... 9

*Technology Properties Limited, Inc. v. Fujitsu Ltd.*,
  CA No. 2:05-cv-494 (TJW), Order dated November 7, 2006 .............................. 4, 10

**Rules**

P.R. 3-1 .................................................................................................... *passim*

P.R. 3-1(a)......................................................................................................... 10

P.R. 3-1(c)...................................................................................................... 1, 10

P.R. 3-6(b)......................................................................................................... 14

## INDEX TO EXHIBITS

Exh.                  Description

A                  Declaration of Benjamin Elacqua

A.1        Letter from Glenn Janik to Benjamin Elacqua dated June 19, 2007, with Attachment A

A.2        CAC's Complaint Against Microsoft Corporation, dated July 6, 2006

A.3        CAC's "P.R. 3-1 Disclosure and Preliminary Infringement Contentions," served November 1, 2006 (with Attachment A)

A.4        Letter from Glenn Janik to Kevin Kudlac dated December 21, 2006

A.5        Letter from Kevin Kudlac to Glenn Janik dated December 22, 2006

A.6        Letter from Robert Parker to David Healey dated January 11, 2007

A.7        Letter from David Healey to Robert Parker dated January 17, 2007

A.8        Letter from Glenn Janik to Benjamin Elacqua dated February 14, 2007

A.9        Letter from Kevin Kudlac to Glenn Janik dated April 13, 2007

A.10      Letter from Glenn Janik to Benjamin Elacqua dated April 27, 2007

A.11      Letter from Glenn Janik to Benjamin Elacqua dated May 1, 2007

A.12      Email and letter from Benjamin Elacqua to Glenn Janik dated May 3, 2007

A.13      Email from Glenn Janik to Benjamin Elacqua dated June 19, 2007

A.14      Email from Benjamin Elacqua to Glenn Janik dated June 19, 2007

B                  *Technology Properties Limited, Inc. v. Fujitsu Ltd.*, CA No. 2:05-cv-494 (TJW), Order dated November 7, 2006

C                  *Hewlett-Packard Co. v. EMC Corp.*, 2003 U.S. Dist. LEXIS 22742 (N.D. Cal. July 9, 2003)

## I.     <u>INTRODUCTION</u>

By filing its lawsuit in this District, plaintiff Computer Acceleration Corporation (CAC) assumed the obligation of complying with this Court's Local Rules, including its Patent Rules. Those rules obligate CAC to provide detailed infringement contentions, supported by claim charts, for <u>each product</u> accused of infringement.   Not only has CAC failed to abide by its obligations under the Patent Rules, but it has violated an express agreement between the parties. To show that this Court's rules and discovery agreements between the parties have meaning and should be enforced, this Court should exercise its inherent powers to grant the relief requested herein.

The path to the present dispute began on November 1, 2006, when CAC served a single claim chart in purported compliance with Patent Rule 3-1(c).  CAC's claim chart provided an element-by-element analysis only for Microsoft's Windows XP product.   Although CAC mentioned Microsoft's newest Windows product, Windows Vista, in a <u>footnote</u> to that chart, CAC provided no independent analysis for that product.  Nevertheless, despite its mere passing mention of Windows Vista in its infringement contentions, CAC demanded access to Windows Vista source code.   Microsoft objected on grounds of CAC's inadequate infringement contentions, but, hoping to avoid burdening the Court with motion practice, produced Windows Vista source code in early February.  When CAC demanded <u>additional</u> Windows Vista source code thereafter, Microsoft again complied—but this time insisted on a written agreement by CAC to provide Microsoft with a detailed claim chart specific to Windows Vista within 45 days of Microsoft's production of the additional source code.  Based on Microsoft's production date of May 4, 2007, the deadline for CAC's Windows Vista claim chart was June 18, 2007.

CAC has now reneged on its agreement.  Although CAC has had access to all requested Windows Vista source code for months (the bulk of which was produced in early February),

1

CAC has refused to update its infringement chart to provide contentions specific to Windows Vista (and with reference to the source code produced). Instead, after being reminded of the agreed deadline for its Windows Vista chart, CAC simply sent Microsoft a <u>photocopy of the identical infringement chart</u> that CAC served back in November, before discovery even commenced. CAC's only explanation for this breach of the parties' agreement is its representation that it had "no additions to make to the claim chart it produced on November 1, 2006." [Exh. A.1][1] But that chart, which mentions Windows Vista only in a footnote, is manifestly inadequate to satisfy CAC's obligations under this Court's Patent Rules with regard to Microsoft's Windows Vista product, and certainly is not what CAC agreed to provide.

CAC has had more than enough time and discovery to fulfill its disclosure obligations, but it either cannot do so or has refused to so. Given CAC's disregard not only for its written agreement with Microsoft, but also for its obligations under this Court's Patent Rules, Microsoft hereby moves the Court for the following relief:

- To strike the portion of CAC's Patent Rule 3-1 infringement contentions that refers to Microsoft's Windows Vista product (including footnote 2 in Attachment A); and

- To dismiss with prejudice CAC's infringement claims to the extent that they encompass Windows Vista.

- In the alternative, to hold that CAC's P.R. 3-1(c) infringement contentions as to Windows Vista are limited to the content of footnote 2 in CAC's November 1, 2006 infringement chart.

Counsel for Microsoft has conferred with counsel for CAC in a good-faith effort to resolve the dispute without Court action, but was unable to do so.

---

[1] References herein to "Exh. A._" are to the numbered exhibits accompanying the Declaration of Benjamin Elacqua, filed herewith.

## II.   BACKGROUND

CAC commenced this suit for infringement of U.S. Patent No. 5,933,630 ("the '630 patent") on July 6, 2006.  [Exh. A.2]  CAC's complaint refers generally to "Windows products," but focuses specifically on Windows XP.  [*Id.*]  No mention is made of Windows Vista—likely because that product was not released until January of 2007.  But CAC never sought to amend its complaint to add Windows Vista after it was introduced.  CAC has apparently taken the position that its general reference to "Windows products" covers Windows Vista.

### A.   CAC's P.R. 3-1 Disclosure and Claim Chart

In accordance with the deadline set by the Court's Patent Rules, CAC served its "P.R. 3-1 Disclosure and Preliminary Infringement Contentions" on November 1, 2006.[2]  [Exh. A.3] Attached to that disclosure as Attachment A was a chart that purported to read each element of the asserted claims of the '630 patent onto a single accused product—namely, "Microsoft Windows XP."  A representative portion of the chart is set forth below:

Preliminary Infringement Claim Chart for U.S. Patent No. 5,933,630

| Claim | Claim Element | Microsoft Windows XP[2] |
|---|---|---|
| | **Claim 1** | |
| Preamble | A method for reducing launch time for a computer program, wherein the computer program comprises a plurality of files stored on a secondary storage device, each one of the plurality of files stored in a plurality of physical addresses encompassing at least a portion of a physical address block of the secondary storage device, a physical address block being a minimum unit of physical addresses on the secondary storage device copied to a primary storage device, the method comprising the steps of: | Windows XP reduces launch time for a computer program.  A computer program comprises a plurality of files stored on a secondary storage device.  Each one of the plurality of files is stored in a plurality of physical addresses encompassing at least a portion of a physical address block of the secondary storage device.  A physical address block is a minimum unit of physical addresses on the secondary storage device copied to a primary storage device.<br><br>For example, "Windows XP speeds up system boot by observing the code and data needed each time the system is booted and prefetching the necessary file contents early in the boot process....Windows XP also uses prefetching when launching applications.  The files and the contents of the files accessed by each new process are observed and recorded."  Attachment E (Benchmarking on Windows XP) at 3. |

[Exh. A.3 at Attachment A, p. 1]

---

[2] Although CAC styled its infringement contentions as "preliminary," the Court's Patent Rule 3-1, as amended on October 27, 2006, no longer provides for "preliminary" infringement contentions.

The footnote to the heading of the claim chart contains the following text:

<sup>2</sup>  Based on information on belief, CAC also contends that Microsoft Windows Vista infringes the asserted claims of the '630 patent. *See, e.g.*, Attachment H (Windows Vista: Superfetch and External Memory Devices) at 2 ("Now that you know how Windows XP's Prefetch technology works, you have a good idea of how about 70 percent of Windows Vista's SuperFetch technology works. As the next version of Windows XP's Prefetch, SuperFetch does everything that Prefetch does and more.").

This single footnote is the only mention of Windows Vista in the entire chart.  No claim-by-claim analysis is provided for Windows Vista, as required by P.R. 3-1.

**B.      The Parties' Dispute Over the Relevance of Windows Vista Source Code**

On December 21, 2006, shortly after Microsoft produced its Windows XP source code in accordance with the Court's Scheduling Order, counsel for CAC complained that Microsoft had not produced source code for Windows Vista.  [Exh. A.4]  Counsel for Microsoft responded by pointing out that CAC was required by the Court's Patent Rules to provide a separate claim chart for each accused product.  [Exh. A.5]  Microsoft supported its position with a copy of a recent order from Judge Ward, which pointed out that the Patent Rules require patentees to provide infringement contentions "for each accused product."  [*Id.* (citing *Technology Properties Limited, Inc. v. Fujitsu Ltd.*, CA No. 2:05-cv-494 (TJW), Order dated November 7, 2006)] Microsoft therefore asserted that CAC's footnote reference to Windows Vista in CAC's Windows XP infringement chart had not placed Windows Vista at issue in the case, and no source code for Windows Vista was required to be produced.  [Exh. A.5]

Counsel for CAC persisted in its demand for the Windows Vista source code, insisting that Windows Vista was properly included as an accused product in the case.  [Exh. A.6]  CAC refused Microsoft's request for a specific Windows Vista claim chart, however, on two grounds: (1) CAC alleged that the Windows XP chart also covered Windows Vista because the footnote was a sufficient disclosure; and (2) CAC alleged that "there is not any more substantive, publicly

available support for CAC's infringement claims now than that existing at the time the original claim chart was drafted." [*Id.*]  Although the parties continued to dispute whether CAC had adequately disclosed infringement contentions for Windows Vista in compliance with Patent Rule 3-1, Microsoft agreed to produce, and did produce, the relevant Windows Vista source code by February 5, 2007.  [Exh. A.7]

### C.    CAC's Agreement To Provide a Detailed Windows Vista Claim Chart

Although Microsoft produced all Windows Vista source code that it believed to be relevant, CAC requested yet additional Windows Vista source code.  [Exh. A.8]  Microsoft objected to CAC's demand for additional code as overreaching because it went beyond the scope of any functionality that had been accused in Windows XP.  [Exh. A.9]  Microsoft was willing, however, to compromise and produce the requested source code on the condition that CAC would amend its infringement contentions to provide a claim chart "that specifically sets forth CAC's contentions against Windows Vista within 30 days of Microsoft's production of the additional code."  [*Id.*]   After additional discussions, including discussions of counsel immediately following the *Markman* hearing, CAC agreed to "provide Microsoft with a Windows Vista claim chart" after receipt of the additional source code.  [Exh. A.10]  The parties further negotiated regarding the deadline for CAC's production of the Windows Vista claim chart, which culminated in CAC's agreeing, in writing, to the following:

> CAC agrees to provide Microsoft with a Windows Vista claim chart within 45 days of receiving the additional source code.  This claim chart, however, will not be provided to Microsoft in connection with an attempt by CAC to amend its P.R. 3-1 Infringement Contentions.

[Exh. A.11]

In reliance on CAC's express agreement to provide the Windows Vista claim chart, Microsoft produced the additional requested Windows Vista source code on May 4, 2007.  [Exh. A.12; Elacqua Decl. at ¶ 16]

**D.    CAC's Breach of Its Agreement To Provide a Detailed Windows Vista Claim Chart**

Calculated from Microsoft's production date of May 4, 2007, the deadline for CAC's Windows Vista claim chart was June 18, 2007.  That date came and went, but CAC provided no claim chart.  When counsel for Microsoft inquired on June 19th as to the status of the chart, CAC's counsel first claimed that the chart was not yet due because CAC had calendared its 45-day deadline from May 23, 2007—the date that its expert first actually reviewed the additional Windows Vista source code.  [A.13]  Microsoft's counsel, however, promptly reminded CAC's counsel of the parties' written agreement, in which the deadline for the chart is expressly based off of Microsoft's <u>production date</u>, not the date CAC's expert actually reviewed the code.  [Exh. A.14]  With no further protest, and alleging no lack of necessary information to provide a detailed Windows Vista chart, CAC responded with a terse letter that simply attached CAC's original November 1, 2006 Windows XP claim chart—the same claim chart previously provided, which mentioned Windows Vista only in a footnote.  [Exh. A.1]  This was no error; CAC acknowledged that it was providing the identical chart.  [*Id.*]  CAC's purported justification for effectively refusing to provide the specific Windows Vista chart that it had agreed to provide was simply that CAC had "no additions to make to the claim chart it produced on November 1, 2006."  [Exh. A.1]

Microsoft viewed CAC's actions as a breach of the parties' express discovery agreement, and immediately contacted CAC's counsel to arrange a meet and confer to discuss this issue. The parties conferred, but were unable to reach a resolution.

III.    **UNDISPUTED FACTS**

From the foregoing, the following facts are believed to be undisputed:

1.      The deadline set by this Court for CAC's infringement contentions under Patent Rule 3-1 was November 1, 2006.

2.      On November 1, 2006, CAC served the set of infringement contentions that is attached hereto as Exhibit A.3.

3.      CAC's claim chart accompanying its November 1, 2006, infringement contentions references Windows XP in the heading row of the chart, and mentions Windows Vista only in the footnote to the chart.

4.      Microsoft has produced all source code requested by CAC, including all Windows Vista source code requested by CAC.

5.      CAC agreed, in writing, to provide Microsoft with a "Windows Vista claim chart" within 45 days of receiving additional the Windows Vista source code that Microsoft produced on May 4, 2007.

6.      CAC did not produce any additional chart within 45 days of Microsoft's May 4, 2007, production of source code.

7.      CAC provided to Microsoft on June 19, 2007, a copy of the same claim chart that CAC had provided to Microsoft on November 1, 2007, which again references only Windows XP in the heading row of the chart, and mentions Windows Vista only in a footnote to the chart.

8.      CAC has not complained to Microsoft about any inadequate production or other alleged failure by Microsoft that could have impaired CAC's ability to prepare a detailed claim chart for Windows Vista.

IV.     **ISSUE PRESENTED**

Whether CAC should be precluded from claiming Windows Vista as an "Accused Instrumentality," given CAC's failure to comply with Patent Rule 3-1 as to Windows Vista coupled with its breach of its written agreement with Microsoft to provide a detailed Windows Vista claim chart?

V.      **ARGUMENT**

It is incredible for CAC to assert that, despite over 4 months of access to Windows Vista source code, it has "no additions" to make to the pre-discovery claim chart it provided nearly 8 months ago.  This assertion is disingenuous for several reasons:  (1) the original claim chart was specific only to Windows XP; (2) the original claim chart was based only on publicly-available information, before CAC had the benefit of any source code; and (3) most critically, this assertion defies CAC's written agreement, made to resolve the parties' discovery dispute, to provide a specific Windows Vista claim chart in return for Microsoft's production of additional Windows Vista source code.

This Court must recognize the important role that it plays as the enforcer not only of its rules but also of discovery agreements reached by the parties.  If CAC is allowed to get away with breaching its agreement with Microsoft, little incentive will exist for Microsoft to attempt to resolve any future disputes with CAC extrajudicially.  Indeed, allowing CAC to escape without consequence will send the wrong message to litigants in the Eastern District—namely, that discovery agreements are meaningless and unenforceable.

Although the parties' original dispute was over whether CAC complied with Patent Rule 3-1(c) by making passing reference to Windows Vista in CAC's Windows XP claim chart, the parties' discovery agreement has trumped that dispute.  CAC may not have believed that it was originally required to provide a separate and detailed claim chart for Windows Vista, but it

subsequently agreed to do so.  CAC's violation of that agreement justifies relief to Microsoft.

And the appropriateness of relief is enhanced by the manifest insufficiency of CAC's original

disclosure under Rule 3-1 as to Windows Vista.  Not only was CAC's attempt to justify its

"footnote format" absurd when first made months ago, but CAC's subsequent conduct reveals a

cavalier disregard for CAC's obligations to Microsoft and to the Court.

CAC's effective refusal to provide a specific claim chart for Windows Vista  justifies an

order striking, with prejudice, the existing passing reference to Windows Vista from CAC's

infringement contentions.  In turn, such an order warrants dismissal of CAC's infringement

claims with prejudice to the extent that they cover Windows Vista.  In the alternative, and at a

minimum, CAC should not be permitted to amend its infringement contentions, and its

contentions with regard to Windows Vista should be limited to the scope of footnote 2.

### A.     CAC's Footnote Reference to Windows Vista in its Windows XP Claim Chart Is Inadequate To Sustain a Charge of Infringement Against Windows Vista

The Court's Patent Rules do not countenance the skimpy "disclosure" of Windows Vista

provided in CAC's original claim chart, and they certainly do not countenance the

gamesmanship and broken promises that CAC engaged in thereafter.   The Patent Rules are

"designed specifically to require parties to crystallize their theories of the case early in the

litigation so as to prevent the 'shifting sands' approach to claim construction."  *O2 Micro Int'l v.*

*Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006).  They exist precisely to avoid

the "litigation by ambush" that CAC is attempting here.  *See, e.g.*, *Nike, Inc. v. Adidas America*

*Inc.*, 479 F. Supp. 2d 664, 667 (E.D. Tex. 2007) (citing *IXYS Corp. v. Advanced Power Tech.,*

*Inc.*, 2004 WL 1368860 at *3 (N.D. Cal. June 16, 2004), *STMicroelectronics, Inc. v. Motorola,*

*Inc.*, 307 F. Supp. 2d 845, 849 (E.D. Tex. 2004)).

Patent Rule 3-1 expressly requires a patent plaintiff to serve infringement contentions that (a) identify every asserted patent claim; (b) identify with specificity the precise products accused of infringement, and (c) describe how or where each element of each asserted claim is practiced by the defendant's accused products.  P.R. 3-1(a)-(c).  Part of that obligation is provide a "chart identifying specifically where each element of each asserted claim is found <u>within each Accused Instrumentality</u> … ."  P.R. 3-1(c) (emphasis added).  Plainly, these rules contemplate separate charts for each Accused Instrumentality, and at least one judge of this Court has so held. *Technology Properties Limited, Inc. v. Fujitsu Ltd.*, CA No. 2:05-cv-494 (TJW), Order dated November 7, 2006 (noting that patentee was required by the Patent Rules to provide "infringement contentions for each accused product") (attached to Exh. E hereto).  This is consistent with the construction of the Northern District of California Patent Rules, on which this Court's Patent Rules are modeled.  *See, e.g.*, *Hewlett-Packard Co. v. EMC Corp.*, 2003 U.S. Dist. LEXIS 22742 at *3 (N.D. Cal. July 9, 2003) (noting that P.R. 3-1 claim charts "must address each product (or other accused instrumentality) separately").  [Exh. C]  CAC has failed to meet its obligation under the Patent Rules.

This Court has the inherent power to enforce its scheduling orders and rules, and to impose appropriate sanctions for violations thereof.  *Nike*, 479 F. Supp. 2d at 668; *O2 Micro*, 467 F.3d at 1363.  In deciding whether to exclude infringement contentions offered in violation of this Court's Patent Rules, this Court considers the kinds of factors identified as important in deciding whether to exclude evidence for discovery violations and whether to allow late amendments to pleadings.  *Nike*, 479 F. Supp. 2d at 668.  Leaving out the factors pertaining to delay, which is not relevant here,[3] the remaining factors are:

---

[3] Delay is a factor only where the patentee is seeking leave to amend its contentions, and the Court considers reasons for the patentee's delay in providing the amended contentions beyond the original deadline for infringement contentions. *See, e.g.*, *Nike*, 479 F. Supp. 2d at 668.

> 1.      the danger of unfair prejudice to the non-movant if the infringement contentions are allowed (meaning the patentee's opponent, which here is Microsoft);
>
> …
>
> [2.]    the importance of the particular matter, and if vital to the case, whether a lesser sanction would adequately address the other factors to be considered and also deter future violations of the court's scheduling orders, local rules, and the federal rules of procedure; and
>
> [3.]    whether the offending party was diligent in seeking an extension of time, or in supplementing discovery, after an alleged need to disclose the new matter became apparent.

*Nike*, 479 F. Supp. 2d at 668.  Consideration of these factors confirms that the relief sought by Microsoft is warranted and appropriate.

First, Microsoft will suffer prejudice if Windows Vista is allowed to remain in the case. Part of that prejudice is the prejudice to a party inherent when an opponent is allowed to disregard its obligations under the Court's rules and, more to the point, is allowed to violate written discovery agreements.  Microsoft has provided all of the source code and technical documentation requested by CAC regarding Windows Vista.  CAC, however, has refused to abide by its obligations under the Patent Rules and the parties' written agreement.  Microsoft is also prejudiced because it knows no more about CAC's contentions regarding Windows Vista than it did nearly eight months ago, before discovery commenced, when CAC served its Windows XP claim chart that mentioned Windows Vista only in a footnote.

It is illogical for CAC to suggest, as it does, that the footnote in the Windows XP chart is effective to provide the same disclosure for Windows Vista as is provided for Windows XP. [*See* Exh. A.6]  The footnote does not state that Windows Vista is identical to Windows XP, even as to prefetch—the footnote indicates, at most, that the two products are "70 percent" the same as to prefetch technology.  [Exh. A.3 at Attachment A, fn. 2]  Moreover, other than the single Windows Vista document cited in footnote 2, the Windows XP chart otherwise cites only documents that discuss Windows XP.  No other evidence is cited for Windows Vista.  Therefore,

11

Microsoft remains in the dark as to the nature and extent of CAC's infringement contentions—even though CAC now has extensive information on the operation of Windows Vista.  The bottom line is that if CAC cannot read its asserted patent claims onto specific information regarding Windows Vista, as it has essentially stated, then it has effectively admitted that it has no case against Windows Vista.

Second, no lesser action than striking the Windows Vista contentions (meager as they are) will adequately deter CAC's misconduct.  If CAC is allowed to proceed to trial against Windows Vista given the current state of its contentions on that product, it will be rewarded for effectively keeping its infringement contentions to itself, engaging in the very "litigation by ambush" against Microsoft that the Patent Rules are designed to prevent.  *See Nike*, 479 F. Supp. 2d at 667.  Moreover, allowing CAC to proceed will also reward CAC for flagrantly violating its written discovery agreement with Microsoft, thus encouraging such future misconduct.  This Court should react strongly to prevent these sorts of abusive litigation tactics.

Third, CAC has not tried to amend its infringement contentions; to the contrary, it has stated that it has nothing to add.  Diligence need not be considered.

In short, all of the relevant factors weigh in favor of striking any mention of Windows Vista from CAC's infringement contentions, thus eliminating Windows Vista from the Accused Instrumentalities in this case.

### B.    Exclusion of Windows Vista from CAC's Infringement Contentions Supports Dismissal of CAC's Infringement Claims as to Windows Vista

If Windows Vista is barred from being an Accused Instrumentality, as it should be, it is appropriate to dismiss CAC's infringement claims as they pertain to Windows Vista, with prejudice.  This is because full disclosure of each theory and basis for infringement in the patentee's infringement contentions in accordance with the Court's rules and orders is a prerequisite to proceeding to trial on those theories and bases.  *See, e.g., Nike Inc. v. Wolverine*

*World Wide, Inc.*, 43 F.3d 644, 648 (Fed. Cir. 1994) (affirming district court's order precluding patentee from proceeding to trial on infringement theory that had not been disclosed in the patentee's infringement contentions).  Without any contentions covering Windows Vista, CAC will be barred from proceeding to trial on Windows Vista.

Not only should CAC's infringement claims against Windows Vista be dismissed, but they should be dismissed <u>with prejudice</u>.  CAC insists that it has nothing to add to its original contentions served November 1 with the mere footnote reference to Windows Vista.  Having failed to follow this Court's orders, and having violated an express agreement with Microsoft, CAC deserves no more chances.  Dismissal with prejudice is warranted.

### C.    At a Minimum, CAC's Breach of the Parties' Agreement Should Preclude CAC from Amending its Original Contentions As to Windows Vista

In the alternative, if this Court does not strike Windows Vista from CAC's infringement contentions and claims, it should hold CAC to its current contentions and preclude future amendments.  Microsoft has expended considerable time and resources to-date providing CAC with discovery into Windows Vista, only to have CAC flaunt its disregard of the Patent Rules by breaching its agreement to provide Microsoft with the detailed claim chart that it was required to provide long ago anyway.  Even if CAC's Windows XP claim chart were construed to cover Windows Vista as well, as CAC insists should be done, CAC has no excuse for its failure to provide additional, <u>detailed</u> infringement contentions for Windows Vista by the parties' agreed deadline of June 18, 2007.  CAC had access to Windows Vista source code for over 4 months before it was due to provide the additional chart agreed to by the parties.  Thus, even if this Court were to excuse the initial lack of detail in CAC's infringement chart covering Windows Vista (which Microsoft does not agree it should do), this case would be analogous to other software cases wherein this Court has consistently required initially thin infringement contentions to be amended shortly after production of source code to provide additional detail.  *See, e.g.*, *American*

13

*Video Graphics, L.P. v. Electronic Arts, Inc.*, 359 F. Supp. 2d 558, 561 (E.D. Tex. 2005) (requiring patentee to supplement 3-1 disclosures within 30 days of defendants' production of source code to provide specific references in the claim charts to the source code); *see also Connectel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526 (E.D. Texas 2005) (ordering patentee to provide supplemental infringement contentions comparing each product to each asserted patent on a claim by claim, element by element basis, and further ordering patentee to highlight text of every piece of cited literature where the elements of the asserted claims are found).   CAC has refused to abide by its express agreement to provide specific and detailed Windows Vista contentions following Microsoft's production of the source code.

In simply re-serving its original claim chart, CAC represented that it had "no additions to make to the claim chart it produced on November 1, 2006."   [Exh. A.1]   It cannot possibly be true that CAC has no additional infringement information to provide—at a minimum, CAC should have been required to map the claim limitations onto the source code that it insisted upon reviewing.   Having failed to do so, CAC should now be held to its representation that it has "no additions" to provide, meaning that CAC cannot hereafter show "good cause," as a matter of law, for amending its contentions as to Windows Vista under Patent Rule 3-6(b).   In short, in view of CAC's breach of its express agreement with Microsoft, it would be inequitable to allow CAC to amend its contentions in the future to provide additional detail.

## VI.   <u>CONCLUSION: RELIEF REQUESTED</u>

For the foregoing reasons, Microsoft respectfully requests that this Court grant Microsoft's motion in its entirety.   This Court should hold that CAC's existing claim chart (now served twice) is inadequate under the Patent Rules to support Windows Vista as an Accused Instrumentality, and should dismiss CAC's infringement claims as to Windows Vista with prejudice.   In the alternative, and at a minimum, this Court should preclude CAC from hereafter

amending its contentions to provide additional detail.   A proposed Order accompanies this motion.

Dated:  June 25, 2007                           Respectfully submitted,

                                                /s/     Kevin Kudlac                         
                                                David J. Healey (Lead Attorney)
                                                  State Bar No. 09327980
                                                  david.healey@weil.com
                                                Benjamin C. Elacqua
                                                  State Bar No. 24055443
                                                  ben.elacqua@weil.com
                                                **WEIL, GOTSHAL & MANGES, LLP**
                                                700 Louisiana, Suite 1600
                                                Houston, TX  77002
                                                Telephone: 713-546-5000
                                                Fax: 713-224-9511

                                                Kevin Kudlac
                                                  State Bar No. 00790089
                                                  kevin.kudlac@weil.com
                                                Amber H. Rovner
                                                  State Bar No. 09223750
                                                  amber.rovner@weil.com
                                                **WEIL, GOTSHAL & MANGES, LLP**
                                                8911 Capital of Texas Highway
                                                Building One, Suite 1350
                                                Austin, TX  78759
                                                Telephone: 512-349-1930
                                                Fax: 512-527-0798

                                                Clayton E. Dark, Jr.
                                                  State Bar No. 05384500
                                                **LAW OFFICE OF CLAYTON E. DARK, JR.**
                                                P.O. Box 2207
                                                Lufkin, TX  75902
                                                Telephone: 936-637-1733
                                                Fax: 936-637-2897

                                                **ATTORNEYS FOR DEFENDANT
                                                MICROSOFT CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system pursuant to the Court's Local Rules this 25th day of June, 2007.


/s/ Margaret M. Masters
Margaret M. Masters


## CERTIFICATE OF CONFERENCE

In compliance with Local Rule CV-7(h), the undersigned counsel for Microsoft Corporation has conferred with counsel for Computer Acceleration Corporation in a good faith attempt to resolve the matter without Court intervention.  The parties were unable to reach a resolution of their dispute.


/s/  Kevin Kudlac
Kevin Kudlac