# WEIL, GOTSHAL & MANGES LLP

8911 CAPITAL OF TEXAS HIGHWAY

BUILDING ONE, SUITE 1350

AUSTIN, TEXAS 78759

(512) 349-1930

FAX: (512) 527-0798

BOSTON
BRUSSELS
BUDAPEST
DALLAS
FRANKFURT
HOUSTON
LONDON
MIAMI
MUNICH
NEW YORK
PARIS
PRAGUE
PROVIDENCE
SHANGHAI
SILICON VALLEY
SINGAPORE
WARSAW
WASHINGTON, D.C.

WRITER'S DIRECT LINE
(512) 349-1886
kevin.kudlac@weil.com

December 22, 2006

**VIA E-MAIL**

Glenn Janik
McKool Smith, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201

> **Re:** Computer Acceleration v. Microsoft

Dear Mr. Janik:

I am writing in response to your letter of December 21, 2006 and in furtherance of our conversation earlier that same day. As I informed you during our conversation, I must disagree with your apparent position that CAC has properly placed Windows Vista in dispute in this case as an accused product. You made reference to CAC's Preliminary Infringement Contentions dated November 1, 2006. The single claim chart provided by CAC is entitled "Preliminary Infringement Claim Chart for U.S. Patent No. 5,933,630" and has a column title for the accused product of "Microsoft Windows XP." As you know, that is followed by a footnote that states, in relevant part, that "Based on information and belief, CAC also contends that Microsoft Windows Vista infringes the asserted claims of the '630 patent." As I am sure you will agree, a separate claim chart for Windows Vista was not provided. The local patent rules clearly state that a separate claim chart for each accused product must be provided. See e.g., P.R. 3-1(a)-(d).

Indeed, these very provisions have recently been ruled on in the Eastern District of Texas. For your information I attach hereto a copy of a recent decision from Judge Ward relating to the issue of separate claim charts for each accused product.

As I mentioned to you yesterday, Microsoft is willing to produce relevant Windows Vista code pursuant to the Protective Order and pursuant to the general order of proceedings for patent cases in the Eastern District of Texas. More specifically, and as I mentioned to you yesterday, Microsoft is willing to produce that code after CAC has provided a separate claim chart for the alleged infringement of Windows Vista. Of course, Microsoft is willing to do so assuming that

Glenn Janik
December 22, 2006
Page 2

CAC produces such a chart in a reasonable time, for example, before February 28, 2007. (I have selected that date as I believe it gives CAC a reasonable time after what I understand to be the currently scheduled commercial release of Vista, at the end of January 2007). Of course, Microsoft reserves the right to object to amendment of Preliminary Infringement Contentions based on their content (e.g., presenting a new theory of infringement). If CAC provides an infringement chart earlier, Microsoft will work with CAC to come to a reasonable agreement as to the time for production of the relevant source code. However, please note that due to the holidays and the recent extreme weather conditions and power outages in the Seattle area, it will be difficult to make any progress toward gathering relevant code in the very near future. In any event, should CAC provide a separate claim chart for Windows Vista by early January, 2007, I believe we can produce the relevant code by the end of January, 2007.

Please feel free to call me if you wish to further discuss this matter or discuss the timing of CAC's service of a separate infringement chart for Vista and Microsoft's responsive production of relevant source code.

I hope you have a happy Holiday season and a Merry Christmas.

Sincerely,

Weil, Gotshal & Manges LLP

By: _____
Kevin Kudlac, P.C.

KK/mmm

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| Technology Properties Limited, Inc., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 2:05-CV-494 (TJW) |
| | § | |
| Fujitsu Limited, Fujitsu General America, | § | |
| Inc., Fujitsu Computer Products of America, | § | |
| Inc., Fujitsu Computer Systems Corp., Fujitsu | § | |
| Microelectronics America, Inc., Fujitsu Ten | § | |
| Corporation of America, Matsushita Electrical | § | |
| Industrial Co., Ltd., Panasonic Corporation of | § | |
| North America, JVC Americas Corporation, | § | |
| NEC Corporation, NEC Electronics America, | § | |
| Inc., NEC America, Inc., NEC Display | § | |
| Solutions of America, Inc., NEC Solutions | § | |
| America, Inc., NEC Unified Solutions, Inc., | § | |
| Toshiba Corporation, Toshiba America, Inc., | § | |
| Toshiba America Electronic Components, | § | |
| Inc., Toshiba America Information Systems, | § | |
| Inc. and Toshiba America Consumer Products, | § | |
| LLC, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Plaintiff's Motion to Correct Preliminary Infringement Contentions

(#96). The Court has carefully considered the written submissions of the parties. Plaintiff seeks

to correct its Preliminary Infringement Contentions to encompass entire chip families. If Plaintiff

has sufficient information to allege infringement of entire chip families, then Plaintiff should also

have sufficient information to allege infringement for each product within the chip families.

Therefore, under Patent Local Rule 3-1, Plaintiff is required to disclose its infringement

contentions for each specific product.

Accordingly, Plaintiff's motion is DENIED without prejudice to filing amended preliminary infringement contentions that include infringement contentions for each accused product as required under the local rules.

SIGNED this 7th day of November, 2006.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE