IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| COMPUTER ACCELERATION CORPORATION, | § § § | CIVIL ACTION NO. 9-06-CV-140 |
| Plaintiff, | § § | |
| vs. | § | JURY TRIAL DEMANDED |
| MICROSOFT CORPORATION, | § § § | |
| Defendant. | § § | |

**DEFENDANT MICROSOFT CORPORATION'S REPLY IN SUPPORT OF MOTION
TO STRIKE PORTION OF PLAINTIFF'S RULE 3-1 INFRINGEMENT
CONTENTIONS REFERRING TO WINDOWS VISTA
AND TO DISMISS INFRINGEMENT CLAIMS COVERING WINDOWS VISTA**

## I.  INTRODUCTION

CAC opposes Microsoft's present motion principally by asserting that a mere footnote reference to Windows Vista in CAC's Windows XP claim chart satisfied the disclosure requirements of this Court's Local Patent Rule 3-1.  But the equivocal nature of that footnote reference represents an apparent attempt by CAC to sandbag Microsoft and to keep its Windows Vista infringement contentions close to its vest.  This behavior is the very "discovery by ambush" that the Local Rules are designed to prevent, and is manifestly prejudicial to Microsoft.

If it were indeed CAC's contention that Windows XP and Windows Vista are functionally and structurally the same for infringement purposes, it would have been a simple matter to say so in the chart—and to make the chart specifically applicable to both Windows XP and to Windows Vista (instead of, for example, limiting the chart's heading row to "Microsoft Windows XP").[1]  Instead, footnote 2 states that the two products ***are not the same*** even as to the relevant functionalities, but are at most "70 percent" the same.  Such a gap could have enormous implications.  And even if the Windows Vista "superfetcher" were to perform all of the Windows XP "prefetcher" functionality, CAC has not alleged that these distinct products are performing this functionality in the same way or are using the same structure.[2]  Thus, CAC's "disclosure" of Windows Vista contentions is tantamount to no disclosure at all.  CAC's apparent (and continuing) unwillingness to commit to an infringement position on Windows Vista by preparing the separate chart it agreed to provide belies CAC's representations to this Court that it has complied with this Court's Local Rules.

---

[1] Microsoft specifically has not admitted that CAC's Windows XP claim chart is sufficient under P.R. 3-1, nor is the sufficiency of CAC's Windows XP claim chart at issue here.  [*Cf.* Opp. at 12]

[2] The specific software algorithms used to perform the claimed functionality will be of critical importance in this case, as this Court has construed all of the "means" limitations to be limited to specific software algorithms.  [*See* May 7, 2007 Claim Construction Order at 15-27]

1

CAC argues that Dave Healey, lead counsel for Microsoft, took a contrary position in the *Tech. Props*. case on the requirement for separate claim charts. [Opp. at 8]  This is not true; indeed, Mr. Healey's position in that case is entirely consistent with Microsoft's position here—a separate claim chart is not required if "**there is a fair basis to believe that the separate products** *are the same for purposes of infringement*." [*Id*. (ital. emph. added)]  CAC has never alleged that Windows XP and Windows Vista are the "same for purposes of infringement." Rather, CAC has persistently *refused* to take such a position.

Nor has CAC complied with its written discovery agreement to provide a "Vista claim chart" in return for Microsoft's production of additional Windows Vista source code, beyond the code already produced under protest by Microsoft months before.  Although Microsoft believed this additional code to be outside any reasonable boundaries of relevance, Microsoft produced this code in return for CAC's agreement to provide a "Vista claim chart."  It is absurd for CAC to contend that it upheld its end of that bargain by merely reserving the same pre-discovery Windows XP claim chart, with its equivocal footnote referencing Windows Vista.  Again, the prejudice to Microsoft in being denied a full disclosure of CAC's infringement contentions as to Windows Vista—despite CAC's having detailed access to source code for months—is obvious.

Simply put, CAC's violation of the Local Rules and its breach of the parties' agreement are inexcusable, are prejudicial to Microsoft, and justify action by this Court.  To demonstrate this Court's commitment to enforcement of discovery obligations, this Court should strike CAC's Windows Vista infringement contentions, or—at a minimum—should bind CAC to the meager state of those contentions and exclude any evidence or testimony of infringement by Windows Vista that is outside the scope of those contentions.  And if this Court strikes the infringement contentions, CAC's infringement claims as to Windows Vista should be dismissed as well, with prejudice.

## II.   ARGUMENT

Microsoft disagrees with numerous factual and legal assertions in CAC's opposition, But in the interest of focusing the Court on what is truly at issue, Microsoft will not respond point-by-point to CAC's list of nearly 30 additional "material facts."

### A.   CAC's Refusal To Provide a Separate Windows Vista Claim Chart Has Kept Microsoft in the Dark as to CAC's Windows Vista Infringement Contentions, in Violation of the Local Rules and the Parties' Discovery Agreement

CAC attempts to evade the parties' agreement by insisting that it never agreed to "amend" its P.R. 3-1 claim chart, but rather "did what it agreed to do" by merely re-serving the identical pre-discovery Windows XP chart that mentioned Windows Vista only in a footnote. [Opp. at 1] Underlying this argument is the premise that it would be merely a pointless word-processing exercise to re-do the Windows XP chart as a Windows Vista chart. This premise is fatally undermined, however, by CAC's willingness to devote so much effort to fighting this issue instead of engaging in the allegedly simple exercise that it agreed to do. Nor does the footnote reference in CAC's Windows XP chart support CAC's suggestion that providing a separate Windows Vista chart would be an exercise in redundancy. The footnote does *not* state that Windows XP and Windows Vista are identical or are even the "same for purposes of infringement." Thus, this equivocal footnote was manifestly inadequate to place Microsoft on notice that all of CAC's Windows XP contentions also applied to Windows Vista—indeed, its failure to do so only confirmed the contrary position.

Moreover, it is irrelevant whether Microsoft "knew" since late October that CAC accuses Windows Vista of infringement. [*Cf.* Opp. at 10] This Court's rules require more than an accusation of infringement—they require specific disclosures of the how and the why of infringement. *See, e.g.*, *Nike, Inc. v. Adidas America, Inc.*, 479 F. Supp. 2d 664, 669 (E.D. Tex. 2007) (striking amended infringement contentions on doctrine of equivalents, thus precluding

3

patentee from proceeding to trial on that infringement theory, explaining that the patentee's "passing" reference to doctrine of equivalents in initial disclosures did not suffice). Microsoft is plainly prejudiced by being kept in the dark as CAC's actual Windows Vista infringement contentions.

      **B.    CAC's Refusal To Provide Adequate Infringement Contentions for Windows Vista Has Harmed Microsoft**

CAC belittles the harm suffered by Microsoft from this ordeal, going so far as to assert that Microsoft "has suffered no harm." [Opp. at 1-2] Not so—Microsoft is harmed by having inadequate information on CAC's Windows Vista infringement contentions with which to prepare as it continues with other discovery in this case (including the preparation of Microsoft witnesses for depositions CAC has noticed). The harm suffered by Microsoft is also the harm inherent to a party when its opponent fails to abide by its written discovery agreement, particularly an agreement made in return for production of disputed and highly confidential source code. In particular, Microsoft agreed to forego motion practice and produced source code that it did not believe was relevant or required, and did so in reliance on CAC's now-broken agreement to finally provide the detailed claim chart for Windows Vista that it should have provided months ago. Such sandbagging should not be tolerated.

On the other hand, any prejudice resulting from CAC's loss of its Windows Vista infringement claims would be of CAC's own making. Judges in the Eastern District have generally been unsympathetic to patentees who have been denied infringement claims as a result of their failure to play by the rules. *See, e.g.*, *Nike, Inc.*, 479 F. Supp. 2d at 669 (noting that accepting patentee's "notice" argument in the face of a "passing" reference to an infringement theory would encourage parties to "adopt a 'rolling' approach to infringement and invalidity contentions in the hope of hiding their true intentions until late in the case," which would "thwart the purpose of the local patent rules").

4

Attempting to deflect blame for its own misconduct, CAC disingenuously asserts that Microsoft "comes to the Court with unclean hands," insisting that Microsoft reneged on its promises to provide all of the Windows Vista source code requested by CAC. [Opp. at 2, 10-13] Again, this is untrue. From the beginning, Microsoft produced the relevant Windows Vista source code under protest, subject to Microsoft's objection that CAC had failed to properly place Windows Vista at issue by failing to provide a sufficient claim chart covering Windows Vista.[3] [Mot. Exh. A.7; *cf.* Opp. at 4-5 ¶¶ 18-23] When CAC continued to press Microsoft to produce yet ***additional*** Windows Vista source code, Microsoft initially agreed to produce more code, believing the requested code to fall within the scope of the only relevance measure Microsoft had—CAC's Windows XP infringement contentions. Once Microsoft realized the excessive nature of CAC's additional requests,[4] however, Microsoft refused to produce the additional code without receiving something from CAC in return—specifically, CAC's production of the long-awaited claim chart for Windows Vista. [Mot. Exh. A.9]

Thus, Microsoft never "abandoned" its position on CAC's obligation to provide a separate Windows Vista claim chart, and hence did not "revive" it either.[5]  ***All production of***

---

[3] Microsoft further notes that, during the drafting of the Protective Order in this case, CAC's counsel did not insist upon a firm production date for Windows Vista source code, but rather suggested that the immediate production was to be of Windows XP source code, and agreed that the parties could later discuss production of Windows Vista source code. [*See* Mot. Exh. A.7; *cf.* Opp. at 3, ¶¶ 14-15]

[4] Although Microsoft remained willing to produce Windows Vista source code that pertained to prefetch functionality, Microsoft's counsel pointed out in its April 13th letter that CAC's additional request was not limited to prefetch functionality, and it was that additional code that Microsoft objected to producing. [Exh. A.9]

[5] CAC's suggestion of delay is also false. [Opp. at 7, ¶ 35; 12] Microsoft's correspondence with CAC through counsel reflects a running objection to CAC's refusal to provide a specific Windows Vista claim chart prior to the claim construction briefing. Moreover, Microsoft had no basis to complain during claim construction specifically about an "inability to prepare its [claim construction] case" without having CAC's specific Windows Vista infringement contentions, because claims are to be construed without reference to the accused products. *See, e.g.*, *Jurgens v. McKasy*, 927 F.2d 1552, 1560 (Fed. Cir.), *cert. denied*, 502 U.S. 902 (1991).

*Windows Vista code was made subject to Microsoft's objections.* Microsoft finally had to draw the line on its "voluntary" production, however, when it determined that CAC's additional demands for even more source code were overreaching. It was this dispute that led to CAC's agreement to provide a "Vista claim chart" within 45 days of Microsoft's production of the additional requested source code. [Mot. Exh. A.11] It defies credulity to suggest that either party then contemplated that CAC could uphold its end of this bargain by merely re-serving the identical pre-discovery claim chart.[6] CAC has plainly breached its discovery obligations, and its misconduct cannot be disregarded or blamed on Microsoft.

### C.   Microsoft's Requested Relief Is Justified by CAC's Misconduct

Microsoft does not ask this Court now to require CAC to provide the more detailed Windows Vista infringement contentions that CAC promised to provide, because allowing CAC belatedly to cure its inadequate contentions would reward CAC's game-playing. *See Nike, Inc.*, 479 F. Supp. 2d at 664. Instead, Microsoft asks the Court to strike CAC's inadequate Windows Vista contentions to demonstrate to CAC (and other plaintiffs who reach out to this judicial district) how serious this Court regards adherence to discovery agreements.[7] Parties like Microsoft should not be forced to ask the Court to intervene to enforce discovery agreements, so once the Court is engaged in such a dispute, the consequences should be more severe than merely forcing the wrongdoer to abide by its existing agreement.

---

[6] CAC implies that it was forced to re-serve the same chart because Microsoft allegedly positioned itself "to complain no matter what." [Opp. at 12] Microsoft did not, however, reserve the right to object if CAC's Windows Vista claim chart "differed" from the November 2006 claim chart. Rather, Microsoft reserved the right to object if CAC's Windows Vista infringement contentions went outside the scope of CAC's Windows XP infringement contentions—that is, by providing a ***new theory of infringement***, not additional technical details in satisfaction of CAC's existing theory of infringement. [*See* Mot. Exhs. A.4, A.12]

[7] At a minimum, CAC should be forced to live with the consequences of the existing meager state of its Windows Vista contentions—and CAC has stipulated that it will not seek to amend those contentions. This means that any expert report that goes outside the scope of those contentions should be struck.

### III.     CONCLUSION: RELIEF REQUESTED

For the foregoing reasons as well as those expressed in Microsoft's motion, Microsoft respectfully requests that this Court strike CAC's Windows Vista from CAC's infringement contentions and dismiss CAC's infringement claims as to Windows Vista with prejudice.

Dated:  July 19, 2007                                    Respectfully submitted,

/s/     Kevin Kudlac
David J. Healey (Lead Attorney)
  State Bar No. 09327980
  david.healey@weil.com
Benjamin C. Elacqua
  State Bar No. 24055443
  ben.elacqua@weil.com
**WEIL, GOTSHAL & MANGES, LLP**
700 Louisiana, Suite 1600
Houston, TX  77002
Telephone: 713-546-5000
Fax: 713-224-9511

Kevin Kudlac
  State Bar No. 00790089
  kevin.kudlac@weil.com
Amber H. Rovner
  State Bar No. 09223750
  amber.rovner@weil.com
**WEIL, GOTSHAL & MANGES, LLP**
8911 Capital of Texas Highway, Suite 1350
Austin, TX  78759
Telephone: 512-349-1930
Fax: 512-527-0798

Clayton E. Dark, Jr.
  State Bar No. 05384500
**LAW OFFICE OF CLAYTON E. DARK, JR.**
P.O. Box 2207
Lufkin, TX  75902
Telephone: 936-637-1733
Fax: 936-637-2897

**ATTORNEYS FOR DEFENDANT
MICROSOFT CORPORATION**

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system pursuant to the Court's Local Rules this 19th day of July, 2007.

/s/ Margaret M. Masters
Margaret M. Masters
