IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| COMPUTER ACCELERATION CORPORATION, | § § § | |
| *Plaintiff*, | § § | Civil Action No. 9:06-CV-140 |
| v. | § § | JUDGE RON CLARK |
| MICROSOFT CORPORATION, | § § | |
| *Defendant*. | § § | |

**ORDER ON MICROSOFT CORPORATION'S MOTION FOR LEAVE TO FILE ITS
SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS**

Microsoft seeks leave to file its Second Amended Answer, Affirmative Defenses and

Counterclaims to add an additional ground of inequitable conduct and counterclaim of

unenforceability of the patent-in-suit.  Microsoft alleges that it only recently discovered new

facts relating to Plaintiff Computer Acceleration Corporation's ("CAC") d-Time product

during the depositions of Clinton Ballard and Steven Koda, and that CAC will not be

prejudiced.  CAC responds that Microsoft is unable to establish the requisite good cause to

support its motion because (1) Microsoft obtained no more information on the function and

operation of the d-Time product from deposition testimony than it had available to it prior to

the deposition and (2) Microsoft has not demonstrated that it could not have reasonably met

the deadline for amending the pleadings.

# I.  Background

On July 6, 2006, CAC filed suit against Microsoft alleging infringement of U.S. Patent No. 5, 933, 630 ("the '630 patent").  The '630 patent relates to an apparatus that optimizes access to a computer program storage device during program start-up, and reduces launch-time of a computer program.

On August 28, 2006, Microsoft filed its original Answer, Affirmative Defenses and Counterclaims in which Microsoft counterclaimed for a declaratory judgment seeking a declaration of invalidity and non-infringement of the '630 patent.

On December 22, 2006, Microsoft filed its Invalidity Contentions, which include the d-Time product.

On February 20, 2007, Microsoft sought leave to amend its answer to add inequitable conduct allegations based on an additional prior art patent and a software called the Lucid Lighting CD.

February 21, 2007 was the deadline imposed by the court's Scheduling Order to file amended pleadings.  On March 20, 2007, the court granted Microsoft's motion to amend Microsoft's original answer to include the inequitable conduct allegation.  Microsoft filed its First Amended Answer, Affirmative Defenses and Counterclaims on April 2, 2007, but Microsoft failed to mention the d-Time product.

On April 19-20, 2007, Microsoft deposed Clinton Ballard, the co-inventor of the '630 patent, Chief Executive Office of eAcceleration Corporation and Executive Vice President of CAC.

## II.  Standard of Review

This court is governed by Fifth Circuit law when considering a motion for leave to amend.  *See McGinley v. Franklin Sports, Inc.*, 262 F.3d 1339, 1357 (Fed. Cir. 2001).  Fed. R. Civ. P. 16(b) governs the amendment of pleadings after a scheduling order deadline has expired.  *S&W Enters. v. Southtrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003).  Only after the movant has established "good cause" will the more liberal standard of Rule 15(a) apply.  *Id.*  In determining whether the defendant has shown good cause exists, the court will consider: (1) the explanation for failing to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.  *Id.*

If the court determines that "good cause" exists, the motion is assessed under Rule 15(a).  *Id.*  Fed. R. Civ. Proc. 15(a) states that "leave shall be freely given when justice so requires."  The types of reasons that might justify denial of permission to amend a pleading include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962).

## III.  Analysis

Microsoft contends that the motion for leave should be granted because facts have recently been discovered during the depositions of Ballard and Koda that support adding an additional ground of inequitable conduct to Microsoft's defense and counterclaim of unenforceability of the '630 patent. CAC argues that Microsoft's motion should be denied because: (1) no new facts were provided to Microsoft during the deposition testimonies of

Ballard and Koda; (2) no factors weigh in favor of Microsoft showing "good cause" under Rule 16(b); and (3) Microsoft has not demonstrated that it could not have reasonably met the deadlines provided for amending its pleadings.

1.  Microsoft's Explanation for Failing to Meet the Deadline to Amend

Microsoft alleges that Ballard's deposition revealed that d-Time "included 'time-logs,' which were populated with data, and the data entries were altered and stored for subsequent use." According to Microsoft, d-Time performs the vast majority of the steps in claim 1, specifically the "altering" and "reordering" steps claimed in the '630 patent, and such information was intentionally withheld from the PTO.

Microsoft has not adequately accounted for its delay in filing the motion to amend for more than a month after conducting the deposition of Ballard.  The evidence before the court indicates that Microsoft received a copy of the patent's file history on November 1, 2006 and had included the d-Time product in its invalidity contentions served on December 22, 2006. Microsoft was in possession of all d-Time documents by February 23, 2006, and conducted the deposition of Ballard on April 19-20, 2007.  It is evident from the questions asked at Ballard's deposition that Microsoft was aware of the function performed by d-Time prior to conducting the deposition. At the very latest, Microsoft should have realized at Ballard's deposition that there was sufficient cause to move for leave to amend.  However, Microsoft did not file for leave to amend until May 25, 2007, more than one month later.

Microsoft states that it did not depose Steven Koda, the prosecuting attorney for the '630 patent, until May 17, 2007.  Koda acknowledged "inventors have a continuing duty to disclose prior art that cover specific limitations an inventor might claim to be novel after a

4

rejection."  Accordingly, Microsoft argues that it was not until it obtained the deposition of Koda that an additional ground of inequitable conduct could be filed against CAC.  Koda's deposition  established that, as expected of an attorney, he is aware of basic legal principles.  While this unsurprising testimony might be desirable at trial, at the pleading stage it merely "gilds the lily" and does not justify Microsoft's delay in filing its motion to amend.

Microsoft relies upon *Ciena Corp. v. Nortel Networks Inc*, 233 F.R.D. 493 (E.D. Tex. 2006) to demonstrate that its earlier knowledge of d-Time is not fatal to its motion.  In *Ciena Corp.*, the defendant was unable to physically procure the necessary documents which it believed would prove inequitable conduct until after the deadline to amend had passed because the documents were with a third party.  Additionally, the defendant was unable to conduct the deposition of the necessary party because that party was not produced by the plaintiff until nearly two months after the defendant requested the deposition.

Here, Microsoft had knowledge about d-Time, and the '630 patent's file history, and had possession of nearly all d-Time documents prior to the filing of the first motion for leave to amend.  If that were not enough, Ballard's deposition on April 19-20 provided sufficient confirmation to satisfy Microsoft's Rule 11 obligations.

Accordingly, Microsoft provides no good explanation for waiting more than a month to file the request for amendment at a time when trial was fast approaching.  This factor weighs heavily in favor of denying Microsoft's motion to amend.

2.  Importance of the Amendment

Microsoft has already asserted claims of inequitable conduct against CAC on the grounds of the '370 patent and the Lucid Lightning CD software.  The importance of yet one more such claim is diminished.

Still, Microsoft argues that the amendment is important because it would allow them to stretch its inequitable conduct defense even further to include the intentional withholding of d-Time from the PTO.  It is true that an ever expanding web of allegations of wrongdoing may put CAC in an even worse light.  But there is a  point of diminishing returns.  *See generally Kimberly-Clark Corp. v. Johnson & Johnson*, 745 F.2d 1437, 1454 (Fed. Cir. 1984) (charges of inequitable conduct are "cluttering up" the patent system).  This factor favors denial of the motion or is, at best, neutral.

3.  Potential Prejudice in Allowing the Amendment

Microsoft contends that CAC will not be prejudiced because substantial time remains prior to the conclusion of discovery and the filing of the pretrial order.  The current deadline for discovery is August 24, 2007, less than a month away. The pretrial order is due October 15, 2007.

If leave is granted, CAC claims that it may be forced to re-examine all of their witnesses and conduct additional discovery related to Microsoft's new inequitable conduct claim within a short period of time.  CAC provides no evidence that would allow the court to quantify the amount of time and effort that CAC may spend on discovery.  There would be no need for CAC to conduct additional depositions of Microsoft witnesses, and Microsoft has not

produced an additional expert witness that would require investigation by CAC.  CAC may

have to question its current witnesses and conduct a more extensive pre-trial preparation.

The court is guided by Fed. R. Civ. P. 1 which requires the court "to secure the just,

speedy and inexpensive determination of every action."  There will be some increase in

expense.  However, most of the questioning of current witnesses and parties would occur

during trial preparation regardless of whether Microsoft's additional claim of inequitable

conduct is allowed.

Accordingly, this factor favors granting the motion.

4.  The Availability of a Continuance

The court schedule does not permit a continuance.  The next available date for trial

would not be until November of 2008.

### IV. Conclusion

Microsoft failed to act with reasonable diligence after receiving the d-Time documents

and especially after deposing Mr. Ballard.  Allowing the amendment at this late date would

not deter future violations of scheduling orders but would serve to encourage them.   Pleading

and contention deadlines established in a scheduling order pursuant to Fed. R. Civ. P. 16 are

not suggestions.  There has been no invitation to  "hide the ball" until the last minute.

Denying the amendment does not deprive Defendant of an important defense, but

merely one more opportunity to accuse Plaintiff of disreputable behavior.  The balance of

factors weigh against a finding of "good cause" to allow Microsoft leave to amend its answer.

Given that "good cause" does not exists under Fed. R. Civ. P. Rule 16(b), the court will not

reach the question of whether an amendment would have been allowed under Rule 15(a) or whether the amendment is futile.

IT IS THEREFORE ORDERED that Microsoft's Motion for Leave to File its Second Amended Answer, Affirmative Defenses and Counterclaims **[Doc # 73]** is **DENIED**.


So **ORDERED** and **SIGNED** this **10** day of **August, 2007.**

_____

Ron Clark, United States District Judge

8