IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| COMPUTER ACCELERATION CORPORATION, | §§§§§§§§ |
| | Case Nos. 9:06-CV-140 |
| MICROSOFT CORPORATION | |

## ORDER DENYING MOTIONS TO EXTEND

Before the court are Plaintiff Computer Acceleration Corporation's ("CAC") Motions to Extend [Doc. #135 and Doc. #130] the August 24, 2007 deadline to file a motion seeking reconsideration or other relief with respect to the court's Order Granting Microsoft's Motion to Strike Portion of Plaintiff's Rule 3-1 Infringement Contentions [Doc. #127]. Plaintiff seeks to extend the deadline by an additional seven days for the sole purpose of filing its motion seeking reconsideration of the court's order striking Plaintiff's infringement contentions involving Microsoft's Windows Vista ("Vista").

**Discussion**

The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration," and such motions are treated as a motion for relief from judgment or order under Fed. R. Civ. P. 60(b). A motion is not a proper vehicle for "rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem, Inc.,* 367 F.3d 473, 478-79 (5th Cir. 2004). Rule 60(b) should be used sparingly, only as an "extraordinary remedy." In other words, judgments should not be lightly reopened. *Id. Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 401 (5th Cir. 1981). To permit such a motion at this point would defeat the purpose of court intervention, which was to obtain finality to a long-running

and costly discovery dispute.

All of the issues that could possibly surround this dispute have, or should have, been raised and argued *ad nauseum* in a motion, response, reply, and even a sur-reply.  As stated in the order, CAC did not provide a proper P.R. 3-1 Infringement Contentions chart for Vista.  Instead, the infringement contentions simply include a footnote, indicating that Vista infringed in a manner similar to the Windows XP product. The XP product, for which a lengthy claim chart was provided, performs only about seventy percent of Vista's capabilities. Because of the deficiencies in its claim chart, CAC cannot cite to any new statute, rule or other legal authority that would alter the disposition of this motion.

CAC has implied that there was no need to provide a chart for the Vista product because it is the same as the XP product.  Setting aside whether seventy percent similarity equals congruity, if the products were so similar, CAC simply had to assign their lowest paid paralegal assistant to spend fifteen minutes revising  the claim chart that was originally provided by substituting "Vista" for "XP" and "SuperFetch" for "PreFetch." (Obviously, if the products are not similar, then CAC was required to submit a proper claim chart for Vista in the first place.) Instead, CAC has wasted countless hours attempting, in effect, to advance the untenable position that the local patent rules and the court's scheduling order are mere suggestions. Discovery is not a game in which each party plays a card and waits for the opponent's and the court's response before deigning to release another.

The parties and their counsel have not spared the court's time and resources, inundating it with no less than eight discovery disputes that should have largely been resolved before seeking court intervention.  Such antics go against the letter and spirit of the Federal Rules of Civil

Procedure, and they especially assail customary and expected practice in the Eastern District of Texas.  If the parties had been more inclined to cooperate and participate in good faith, licit, extrajudicial discovery of relevant evidence, perhaps neither party would need to seek leave to extend deadlines. Three motions for summary judgments were filed starting at 10:27 P.M. and ending at 11:46 P.M. on the night of the deadline for dispositive motions.[1]  The court must wonder whether the clients' interests would be better advanced by the expenditure of attorney time on filing and responding to these motions earlier.

IT IS THEREFORE ORDERED that Computer Acceleration Corporation's ("CAC") Motions to Extend [Doc. #135 and Doc. #130] are **DENIED.**

So **ORDERED** and **SIGNED** this **28** day of **August, 2007.**

_____
Ron Clark, United States District Judge

---

[1] The court notes that the Scheduling Order provides that all deadlines shall be as of 4:00 p.m., on the day specified. See Doc. #26 at n. 1.