IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

COMPUTER ACCELERATION           §
CORPORATION,                    §
                                §
        *Plaintiff,*            §
                                §
    v.                          §
                                §   Case Nos. 9:06-CV-140
                                §
MICROSOFT CORPORATION           §
                                §
        *Defendant*             §
                                §

## MEMORANDUM OPINION AND ORDER

Plaintiff, Computer Acceleration Corporation, claimed infringement of a patent relating to methods and apparatus for reducing the time to launch a computer program. The jury returned a verdict of noninfringement and invalidity based on lack of enablement, anticipation and obviousness. Pursuant to Federal Rules of Civil Procedure 52(a), the court makes the following findings with respect to the three remaining issues:

(1)    Microsoft's declaratory judgment counterclaim for invalidity based on indefiniteness;[1]

(2)    Microsoft's declaratory judgment counterclaim for unenforceability based on inequitable conduct;[2] and

(3)    Microsoft's request for attorneys' fees under 35 U.S.C. § 285.

---

[1]The issue of indefiniteness is a question of law to be determined by the court.

[2]The issue of inequitable conduct is an equitable issue that was submitted to the jury for an advisory determination only. The jury did not reach the inequitable conduct issue because it did not find infringement of a valid patent claim.

As to invalidity based on indefiniteness, Microsoft has not shown that the claims are not amenable to construction or are insolubly ambiguous. With respect to Microsoft's inequitable conduct claim, there is insufficient evidence to conclude that a material prior art reference was withheld with an intent to deceive. The evidence is also insufficient to establish that this is an exceptional case and that Microsoft is entitled to attorneys' fees.

## I. Background

On July 6, 2006, Computer Acceleration filed suit against Microsoft claiming infringement of United States Patent No. 5,933,630 ("the '630 patent"). On April 25, 2007, the court conducted a *Markman* hearing and issued an order construing the disputed claim terms [Doc. #69]. Definitions of agreed terms are set out in Doc. #109.

Issues concerning Claims 1 and 2 of the '630 patent were tried to a jury from November 6 - 15, 2007. The jury returned a verdict finding the patent is not infringed by Microsoft's Windows XP program, and the patent is invalid based on lack of enablement, anticipation and obviousness.

The '630 patent involves methods and apparatus for optimizing access to a computer program storage device during program start-up, and more particularly to a method for reducing the time to launch a computer program. This is accomplished by using a software routine that detects whether a computer program is being launched. If there is no final log file for the program being launched, then two steps are required. First, an initial log file is created and populated with log entries by software, which: 1) detects each access made to the secondary storage device during the launch; and 2) appends to the log file a log entry reflecting information about each access to the secondary storage device. Second, the initial log file is altered to eliminate any redundant entries in the log files.

The altered log files are sorted to optimize access time to the secondary storage device. During subsequent launches of the computer program, all of the memory blocks specified in the log entries in the final log file are copied to a RAM cache so that each secondary storage device access generated during the subsequent launch results in these accesses being satisfied by the RAM cache rather than the secondary storage device. In almost all modern applications, the computer processor has faster access to the RAM cache than it does to the secondary storage device so launch time is accelerated.

## II. Indefiniteness

*A. Law*

The Patent Act requires that a patent specification conclude with one or more claims "particularly pointing out and distinctly claiming subject matter which the applicant regards as his invention." 35 U.S.C. § 112, ¶ 2. Each claim of a patent is presumed to be valid as written. 35 U.S.C. § 282. "In the face of an allegation of indefiniteness, general principles of claim construction apply." *Datamize, LLC v. Plumtree Software, Inc.,* 417 F.3d 1342, 1348 (Fed. Cir. 2005)(citation omitted).

If a claim is written such that a person of ordinary skill in the art would not be able to determine the scope and coverage of the claim, it is invalid as indefinite. *Miles Labs., Inc. v. Shandon, Inc.,* 997 F.2d 870, 875 (Fed. Cir. 1993). Definiteness does not mean absolute clarity. A claim is indefinite only if it is "not amenable to construction" or is "insolubly ambiguous." *Datamize, LLC,* 417 F.3d at 1347. A term is not "indefinite" simply because it is difficult to construe. If the term can be given a reasonable, even if reasonably debatable, meaning, it is not indefinite. *Datamize, LLC,* 417 F.3d at 1747 and cases cited therein.

A "person of ordinary skill in the art is deemed to read the claim term not only in context of the particular claim in which the disputed term appears, but in the context of the entire patent, including the specification." *Phillips v. AWH Corp.,* 415 F.3d 1303, 1313 (Fed. Cir. 2005) (*en banc*). Where a claim term has a particular meaning in the field of art, the court must examine those sources available to the public to show what a person skilled in the art would have understood disputed claim language to mean. *Id.* at 1414. Those sources "include 'words of the claims themselves, the remainder of the specification, the prosecution history, and extrinsic evidence concerning relevant scientific principles, the meaning of technical terms, and the state of the art.'" *Id.* (citation omitted).

*B. Analysis*

During the claim construction process, Microsoft suggested two grounds for invalidity based on indefiniteness: a) the lack of an antecedent basis for the term "log file" in the phrase "logging accesses . . ." and b) the lack of structure for means-plus-function clauses.[3]

Microsoft argued that its proposed construction for the term "logging accesses . . ." would clarify a flaw in the claim itself because the claims of the '630 patent fail to provide an antecedent basis for the term "log file." Microsoft's Claim Construction Brief, [Doc. #56, p. 33 of 59]. Specifically, Microsoft stated that it is unclear what log file is being altered. At the *Markman* hearing, the parties agreed, and the court found, that "logging accesses . . ." can be construed as "[p]lacing in a log file, information about the obtaining of data from. . ." *See* Memorandum Opinion and Order Construing Claim Terms of United States Patent No. 5,933,630 [Doc. #69, p. 16-27 of 28].

---

[3] Microsoft never pointed to any claim term that could not be given a reasonable construction or that was insolubly ambiguous. *See Markman* Hearing Transcript, p. 106 (noting that "there hasn't been a major claim about indefiniteness.")

When discussing construction of the means-plus function clauses in the '630 patent, Microsoft correctly stated that if the specification has not disclosed corresponding structure for performing the claimed function, and clearly linked the structure to the claimed function in means-plus-function claims, then the claim is indefinite.

It is clear from the specification and the algorithms in the '630 patent that the means-plus-function clauses in the '630 patent are not indefinite.  Applying the principles found in *WMS Gaming, Inc. v. Int'l Game Tech.,* 184 F.3d 1339, 1348-49 (Fed. Cir. 1999), the court identified specific algorithms to perform the function of each software-based "means" element in the '630 patent. *See* Memorandum Opinion and Order Construing Claim Terms of United States Patent No. 5,933,630 [Doc. #69, p. 16-27 of 28].

Likewise, it is evident from the testimony at trial that the claims are not insolubly ambiguous.  Dr. Melvin Ray Mercer, Microsoft's expert witness on invalidity, provided no evidence, much less clear and convincing evidence, that one skilled in the art would not be able to determine the scope and coverage of the claim. Only if the claim language is not subject to a reasonable interpretation should the court declare it indefinite. The court finds that the '630 patent is not invalid based on indefiniteness.

### III. Inequitable Conduct

*A. Law*

A patent applicant is under a duty of candor in dealing with the PTO. 37 C.F.R. §§ 1.56(a)(b); *Bd. of Educ. v. Am. Bioscience, Inc.,* 333 F.3d 1330, 1344 (Fed. Cir. 2003)("Rule 56 imposes a duty to disclose information material to patentability."  A breach of that duty constitutes "inequitable conduct." *In re Spalding Sports Worldwide, Inc.,* 203 F.3d 800, 807 (Fed. Cir. 2000).

Inequitable conduct must be established by clear and convincing evidence. *Sanofi-Synthelabo v. Apotex, Inc.*, 470 F.3d 1368, 1380 (Fed. Cir. 2006). To hold a patent unenforceable due to inequitable conduct, there must be clear and convincing evidence that the applicant (1) made an affirmative misrepresentation of material fact, failed to disclose material information, or submitted false material information, and (2) intended to deceive the PTO. *Eli Lilly & Co. v. Zenith Goldline Pharms., Inc.*, 471 F.3d 1369, 1381-82 (Fed. Cir. 2006).

"[I]nformation is material to patentability when it is not cumulative to information already of record or being made of record in the application and . . . [i]t refutes, or is inconsistent with, a position the applicant takes in: . . . [a]sserting an argument of patentability." 37 C.F.R. § 1.56(b)(2)(ii). "Gross negligence" will not suffice to establish inequitable conduct; intent to deceive must be shown. *Hoffman-La Roche Inc. v. Lemmon Co.*, 906 F.2d 684, 688 (Fed. Cir. 1990).

If a district court finds that the requirements of materiality and intent have been established by clear and convincing evidence, it must then "balance the equities to determine whether the patentee has committed inequitable conduct that warrants holding the patent unenforceable." *Monsanto Co. v. Bayer Bioscience N.V.*, 363 F.3d 1235, 1239 (Fed. Cir. 2004). Under the balancing test, "'(t)he more material the omission or the misrepresentation, the lower the level of intent required to establish inequitable conduct, and vice versa.'" *Ruiz*, 234 F.3d at 670 (citation omitted).

*B. Analysis*

Microsoft argues that Clinton Ballard and Timothy Smith, the inventors of the '630

'

patent, intentionally withheld United States Patent No. 5,257,370 entitled "Method and

System for Optimizing Data Caching in a Disk-Based Computer System" from the PTO.[4]

Microsoft states that Mr. Steven Koda, the prosecuting attorney of the '630 patent, also

prosecuted four other patents on which Ballard is a named inventor: U.S. Patent Nos.

5,584,007, 5,588,129, 5,721,866, and 5,764,945.  For each of these patents, the '370 patent

was cited to the PTO in an Information Disclosure Statement submitted by Ballard and/or Mr.

Koda during the prosecution.

Microsoft's entire inequitable conduct argument hinges on its assessment of the

materiality of the '370 patent.  While the '370 patent may have been material to the '630

patent, Microsoft provided no evidence of Ballard and/or Koda's deceptive intent other than

the bare facts that Mr. Koda cited the '370 patent in other patents issued to Ballard.  The mere

withholding of the '370 patent by Ballard's patent attorney does not establish by clear and

convincing evidence that Ballard and Smith intended to deceive the PTO.  The court therefore

finds that Microsoft's inequitable conduct claim has not been proven.

### IV. Attorney's Fees

*A. Law*

The court in exceptional cases may award reasonable attorney fees to the prevailing

party. 35 U.S.C. § 285. The determination of whether a case is exceptional and, thus, eligible

for an award of attorneys' fees under § 285 is a two-step process. First, the district court must

determine whether a case is exceptional. After determining that a case is exceptional, the

---

[4]The court has ruled, and Microsoft acknowledged, that eAcceleration's d-Time product is not part of Microsoft's inequitable conduct claim. *See* Joint Final Pretrial Order [Doc. # 254, p. 8 of 28, n. 3].

district court must determine whether attorney fees are appropriate. *Cybor Corp. v. Fas Techs, Inc.*, 138 F.3d 1448, 1460 (Fed. Cir. 1998) (en banc). Conduct that can form a basis for finding a case exceptional includes inequitable conduct before the PTO, misconduct during litigation, vexatious or unjustified litigation, and frivolous suit. *McNeil-PPC, Inc. v. L. Perrigo Co.*, 337 F.3d 1362, 1371 (Fed. Cir. 2003).

*B. Analysis*

Computer Acceleration's infringement claims were not based on allegations which were vexatious and/or made in bad faith. As discussed above, Computer Acceleration did not engage in inequitable conduct before the PTO.  The parties were well-prepared for trial, and there has been no showing of vexatious or unjustified conduct before or during trial. Winning a hard fought case in which the jury had to decide between qualified witnesses with opposing viewpoints is not, in itself, exceptional, nor a justification for attorneys' fees. Accordingly, Microsoft has not established that this is an exceptional case that warrants attorneys' fees.

So **ORDERED** and **SIGNED** this **27** day of **November, 2007.**

_____

Ron Clark, United States District Judge

8